UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SABRINA GRANDBERRY,

            Plaintiff,

                                        Case Number 04-10348-BC

v.                                       Honorable David M. Lawson

JUDSON CENTER,

            Defendant.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Sabrina Grandberry, filed a multiple-count complaint alleging that the defendant discriminated against her on a count of her race when it terminated her employment. The complaint is based on federal and state law and includes federal claims based on Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. According to the motion papers, the plaintiff was hired by the Judson Center in January 2003 as a foster care case manager. She states that she injured her ankle in November 2003, and thereafter she was subjected to a hostile work environment because she was harassed by her supervisors. She filed a complaint with the Equal Employment Opportunity Commission in November 2003, and another in March 2004 alleging racial discrimination. The plaintiff ultimately was fired March 11, 2004.

The plaintiff filed the present action on December 13, 2004. After a period of discovery, the defendant filed a motion for summary judgment. The Court referred the motion to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Binder filed a report on December 20, 2005 recommending that the motion be granted. The plaintiff filed timely objections to the magistrate judge's recommendation.

The magistrate judge thoroughly described the facts of the case, and neither party has objected to that description.  The Court, therefore, adopts the magistrate judge's factual recitation.

The magistrate judge also concluded that the plaintiff failed to bring forth evidence that created a genuine issue of material fact on her Title VII claim.  The magistrate judge concluded that there was no direct evidence of discrimination and, applying the well-known burden-shifting methodology described in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981), for circumstantial cases, found that the plaintiff failed to establish a *prima facie* case.  However the magistrate judge also determined that even if a *prima facie* case was established, the plaintiff failed to show that the defendant's legitimate reasons for terminating her constituted a pretext for discrimination.

With the respect to the claim under 42 U.S.C. section 1983, the magistrate judge found that the defendant was not a state actor and therefore the plaintiff failed to sustain a claim under that statute.  The plaintiff has not objected to the magistrate judge's findings that the Judson Center was not a state actor.  Consequently, the Court adopts that section of the report and will dismiss Count VII of the complaint based on 42 U.S.C. § 1983.  *See* Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed. of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

With respect to the Title VII claim, the plaintiff argues that she offered direct evidence of discrimination.  She says that her direct evidence consisted of (1) the fact that the defendant never gave her notice that she was not complying with company policies until after she was injured in November 2003; (2) the defendant did not point out the plaintiff's work deficiencies until after she filed an EEOC complaint; and (3) the plaintiff's assertion that several employees left work early on November 21, 2003 but only she received a reprimand.  The Court has examined this evidence and

conducted a *de novo* review of the motion papers and the record in light of the magistrate judge's report and the plaintiff's objections. The Court is unable to conclude that the evidence cited by the plaintiff constitutes direct evidence of discrimination.

"Direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir. 2000) (internal quotes omitted); *Jacklyn v. Scheringer Plough Healthcare Prod. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). It does not require the fact-finder to draw any inferences to reach that conclusion. *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). "The credible and direct evidence cannot be based on rumors, conclusory allegations, or subjective beliefs." *Hein v. All Am. Plywood Co., Inc.*, 232 F.3d 482, 488 (6th Cir. 2000); *see also Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992) (rejecting the plaintiff's affidavit as evidence of age discrimination where it was comprised of the plaintiff's subjective beliefs). "Nor can it be based on vague, ambiguous, or isolated remarks." *Hein*, 232 F.3d at 488; *see also Phelps v. Yale Sec., Inc.*, 986 F.2d 1020 (6th Cir. 1993) (finding no *prima facie* case of age discrimination, even though the plaintiff's supervisor twice stated that the plaintiff was too old to continue at her prior secretarial position, because these were only isolated and ambiguous comments).

The evidence cited by the plaintiff cannot constitute direct evidence of discrimination because, even if believed, the evidence fails to sustain the proposition that the defendant terminated the plaintiff on account of her race. In fact, it is difficult even to infer such a conclusion from the evidence cited by the plaintiff. The Court agrees with the magistrate judge that there is no direct evidence of discrimination in this case.

The plaintiff next argues that circumstantial evidence supports a claim of racial discrimination because the plaintiff was subjected to a hostile work environment. The Court observes, however, that the hostility that the plaintiff cites, and which apparently she detected on the job, arose not from any circumstance of her minority race, but because of her employer's apparent perception and dislike of the plaintiff's attitude, and the employer's apparent perception that the plaintiff failed to comply with company requirements. For instance, the plaintiff complained that her supervisor, Colleen Doyle, harassed her by imposing exacting requirements with respect to company policy. The defendant offered to have this complaint investigated by Susan Benson, Doyle's supervisor. The plaintiff alleges that putting Benson in charge of the investigation constituted harassment because Benson was in fact Doyle's supervisor and she was friendly with Doyle.

In addition, the plaintiff complains that Doyle criticized her in front of co-workers on November 21, 2003 instead of privately reprimanding her. The plaintiff also complains that a person in charge of the office, Bob Cable, asked the plaintiff during an interview on December 12, 2003 if the plaintiff was trying to get herself fired. This comment apparently was provoked by the plaintiff's attitude and remarks that she made about her supervisor, Colleen Doyle. None of this evidence, however, suggests a course of racial discrimination. There is no evidence that the plaintiff was treated differently or that these comments and criticisms regarding company policy were motivated by racial animus.

The plaintiff also argues that the defendant had no legitimate reason for terminating her because all of the grounds cited by the defendant arose after the plaintiff injured herself. However, the Court is at a loss to determine how the timing of the defendant's criticism of the plaintiff's

-4-

performance, particularly in relation to an injury, bears on the question of racial discrimination.  The plaintiff cites *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993), and *Yeary v. Goodwill Industries-Knoxville*, 107 F.3d 443 (6th Cir. 1997), both gender discrimination cases under Title VII, for the proposition that a work environment can be considered hostile where there is severe conduct that threatens or humiliates an employee and unreasonably interferes with the employee's work performance.  Neither of these cases help the plaintiff, however, because each case holds that the harassment complained about must be based upon the prohibited characteristic, in this case race. *Harris*, 510 U.S. at 21; *Yeary*, 107 F.3d at 445.

The plaintiff also objects to magistrate judge's conclusion that the plaintiff failed to bring forth sufficient evidence of pretext to survive a motion for summary judgment.  In this circuit, a plaintiff can demonstrate pretext "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct."  *Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003).  The plaintiff concedes that she is unable to establish pretext under the first or third method, quoted above.  In other words, she concedes that the defendant's proffered reason for terminating her – violating company policies, failure to timely submit court reports, submitting inaccurate mileage reimbursement forms, failing to file timely reports concerning abuse or neglect of wards – had a basis in fact in this record.  She also acknowledges that these reasons were sufficient to warrant termination.  Her argument, rather, is that she brought forth evidence to show that defendant's reasons did not actually animate its termination of her.  In support of this argument, the plaintiff points only to the fact that the criticisms and discipline did not occur until after the plaintiff became

-5-

injured in November 2003. As noted above, however, the plaintiff's injury has no bearing on claim of racial discrimination.

The Court has considered the defendant's motion for summary judgment under Federal Rule of Civil Procedure 56(c), the magistrate judge's report and recommendation, and the plaintiff's objections. The Court believes, for the reasons stated above, that the objections should be overruled and the motion granted.

Accordingly, it is **ORDERED** the magistrate judge's report and recommendation is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the recommendation of the magistrate judge are **OVERRULED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 18] is **GRANTED**.

It is further **ORDERED** that counts one, three, six (labeled Count V in the complaint), and seven of the plaintiff's complaint are **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that the remaining counts based on state law are **DISMISSED WITHOUT PREJUDICE**.

Dated: January 31, 2006                    s/David M. Lawson
                                           DAVID M. LAWSON
                                           United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 31, 2006.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS